## Bupp v. Bupp

*Oscar F. Spicer,* for Commonwealth.

*B. M. Raffensperger,* for defendant.

MacPHAIL, P. J., February 23, 1972.—This is a reciprocal support proceeding in which the relatrix seeks support for a minor child born of the marriage of defendant and herself. The parties are now divorced. Defendant's net income is $104 weekly and his expenses are $85.83.

Defendant seeks to deny liability on the basis of an agreement to terminate a support order signed by relatrix on November 1, 1971, in Cumberland County, pursuant to which agreement the Cumberland County court entered an order on November 9, 1971, terminating defendant's support order in that court and cancelling all arrearages. Included in the agreement to terminate was a statement that "the defendant shall be relieved of all further liability to contribute to the support of his children . . ." It is with this language that defendant hopes to exculpate himself in the present proceeding.

It would seem as though this case is nearly identical with that found in Commonwealth ex rel. Rossi v. Rossi, 161 Pa. Superior Ct., 86 (1947), wherein it was held, inter alia, that a mother cannot, by contract,

bargain away the right of her minor child to adequate support to the relief of the father, irrespective of the legality of any agreement between the parents themselves.

Accordingly, on that authority, we hold that defendent in the within action is liable for the support of his child, notwithstanding the provisions of the prior agreement between himself and his former wife to the contrary, and we will enter the following order:

### ORDER OF COURT

And now, February 23, 1972, it is ordered that defendant shall pay the sum of $10 per week for the support of his son, Bruce A. Bupp, Jr., that he shall pay the costs of this proceeding, that he shall pay the sum of 20 cents per payment for the clerk of the court's costs and enter into his own recognizance in the sum of $1,000 to comply with this order.